IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASWINDER CHHIBBER, M.D. | Case No. 11-CR-00119<br><br>Honorable Suzanne B. Conlon |

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE coming on to be heard on Defendants' Unopposed Motion for a Qualified HIPAA Protective Order pursuant to 42 U.S.C. 201 *et seq*. and 45 CFR Parts 160 and 164 as amended by Pub L 111-5, 123 Stat 115 (Health Information Technology for Economic and Clinical Health Act, the "HITECH Act"), the Court being duly advised in the premises, IT IS HEREBY ORDERED:

(1) The parties to this case are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") including electronically stored and transmitted "protected health information" (also referred to herein as "ePHI") pertaining to TIFFANY SHIRLEY TERRELL to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, "PHI" or "ePHI" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501, and as amended by Pub L 111-5, 123 Stat 115, the HITECH Act. Without limiting the generality of the foregoing, "PHI" and "ePHI" include, but are not limited to, paper or electronically stored and transmitted health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 CFR 160.103, and as amended by Pub L 111-5, 123 Stat 115, the HITECH Act), are hereby authorized to disclose and transmit PHI and/or ePHI pertaining to ALLEN VAVAL, CIERRA THOMPSON, and TIFFANY SHIRLEY TERRELL (the "PATIENTS") to all attorneys now of record in this matter or who may become of record in the future of this case.

(4) The parties and their attorneys shall be permitted to use the PHI and/or ePHI of the PATIENTS only in manners reasonably connected with the above-captioned case. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the prosecution process.

(5) At the conclusion of this case (which shall be defined as the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI and/or ePHI pertaining to the PATIENTS, (other than the person or entity that generated the PHI and/or ePHI) shall destroy or permanently delete any and all copies of said PHI or ePHI in their possession.

(6) This Qualified Protective Order shall not control or limit the use of PHI or ePHI pertaining to the PATIENTS that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103, and as amended by Pub L 111-5, 123 Stat 115, the HITECH Act).

(7) A photocopy of this Qualified Protective Order shall be deemed an original for all purposes as provided herein.

January 27, 2012
Date

ENTER *Suzanne B. Conlon*
Judge Suzanne B. Conlon