# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASWINDER CHHIBBER, M.D. | Case No. 11-CR-00119<br><br>Honorable Suzanne B. Conlon |

## PROTECTIVE ORDER

THIS CAUSE coming on to be heard on Defendants' Motion for a Protective Order, IT IS HEREBY ORDERED:

1. The parties to this prosecution may designate as confidential the materials identified in this protective order, which Dr. Chhibber may receive in response to a subpoena.

2. The following materials are defined as and shall be designated confidential:

   3. complaints made by anyone to Health Care Service Corporation ("HCSC") or any of its officers or employees regarding alleged conduct of Defendant and any of his medical clinics and any documents generated in any investigation pursuant to any such complaint.

   4. medical records of any patient that pertain to the complaints identified in Subsection (a).

The materials designated in (a) through (b) of this paragraph shall be referred to collectively in the protective order as "Confidential Material."

3. Dr. Chhibber believes in good faith that the Confidential Material should be subjected to a protective order; subpoenaed entity HCSC has expressed to Dr. Chhibber that it believes the subpoenaed information contains highly sensitive information pertaining to its

investigatory practices.

4. Except for the materials identified in paragraph 2 of the protective order, the parties will designate no other document produced in discovery as Confidential Material pursuant to this order. No document treated as confidential under this protective order may be filed under seal with the court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

5. If any party or member of the public challenges the confidentiality of any Confidential Material, the party asserting that the document should be designated as confidential shall bear the burden of demonstrating the propriety of the confidentiality.

6. Confidential Material shall be used only for purposes of this prosecution. Confidential Material shall not be discussed with, disseminated, delivered, or otherwise disclosed to any person except as follows:

    (a) the attorneys of record, and their duly authorized legal, paralegal, or administrative support staff;

    (b) the parties' duly authorized expert witnesses and consultants;

    (c) stenographic reporters of any testimony in this litigation;

    (d) the Court, and its respective court staff;

    (e) the individual parties to this action, provided each agrees to be bound by the terms and conditions of this Protective Order;

    (f) witnesses and potential witnesses in this action, subject to the restriction set forth below in paragraph 10; and

    (g) any other persons mutually agreed to by the parties or ordered by the court.

    (h) All copies of documents designated as Confidential Material under the protective order, and all transcripts in which Confidential Material has been discussed, shall be stamped

clearly as "CONFIDENTIAL" in a place that avoids interfering with the legibility of the document. Under the Health Insurance Portability and Accountability Act of 1996 and as amended by the HITECH Act, the parties agree to store all "protected health information" and "electronic health information" ("PHI") under the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160, 164 (2000), and as amended by the HITECH Act, Pub. Law 111-5, 123 STAT 115 Feb. 17, 2009. Any PHI of Plaintiffs produced by the parties shall be treated as "Confidential Material." No document containing the "CONFIDENTIAL" designation shall be copied in whole or in part without the "CONFIDENTIAL" designation appearing on the copy. Such PHI shall not be disclosed to or discussed with persons other than Plaintiffs and his or her medical treaters; the attorneys of record in this matter and their duly authorized experts and consultants and legal, paralegal or administrative support staff; and the stenographic reporters of testimony in this litigation.

8. Before disclosing Confidential Material to any persons authorized in paragraph 6 of the protective order, except for the individuals identified in paragraphs 6(a), 6(b), 6(d), and 6(e), the parties must first inform each such person that the documents to be disclosed contain Confidential Material to be held in confidence, and are to be used solely for the purpose of preparing for litigation and, further, that these restrictions are imposed by court order.

9. If a party wishes to disclose any Confidential Material to any individual not authorized under paragraph 6(a)-(h) of the protective order ("Unauthorized Individual"), the party first must obtain consent of the other party before showing any Confidential Material to the Unauthorized Individual. If no agreement is reached, the party who wishes to disclose Confidential Material to an Unauthorized Individual must file an appropriate motion with the court and obtain court approval before sharing any Confidential Material with any Unauthorized

Individuals.

10. If a party wishes to file any documents, transcripts, or exhibits referencing Confidential Material as part of a motion, brief, or other pleading, it shall do so under seal pursuant to the Local Rules.

11. Nothing in the protective order shall be construed to affect the admissibility of any Confidential Material at any hearing or trial. Use of such material at any hearing or at trial will be governed by a separate court order.

12. Upon final disposition of this action, including appeals, the parties may obtain the return of any Confidential Material submitted to the Court, or redacted documents containing Confidential Material filed with the Clerk of the Court, by a motion filed within sixty-three (63) days after the case is closed. Except where the Court in response to the request of a party or on its own motion orders otherwise, at the end of the sixty-three (63) day period the Clerk of the Court shall return the Confidential Material in a sealed enclosure to the attorney or party who filed it. Additionally, counsel shall destroy or return the original and all copies of all documents containing Confidential Material, including those portions of deposition transcripts and deposition exhibits, to the producing party's respective counsel within sixty (60) days after the case is closed. If destroyed, counsel shall be required to provide an affidavit, upon request, to this effect. After final disposition of this action, the provisions of the protective order relating to Confidential Material shall continue to be binding upon all attorneys of record, their employees, the parties, their officers and employees, experts, and consultants.

13. Nothing in the protective order shall prevent any party or other person from seeking modification of the protective order or from objecting to discovery that it believes to be otherwise improper.

14. Nothing in the protective order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any Confidential Material.

15. If any party violates the terms of the protective order, the offending party may be subject to appropriate sanctions by the court upon the filing of a motion, with appropriate notice, and an opportunity to be heard.

16. The protective order can be modified only with the consent of both parties and court approval, or upon the petition of one party and subsequent to a hearing and/or order by the Court.

17. If a dispute arises concerning the propriety of designating documents as Confidential Material, or concerning any other matter relating to the application of the protective order, counsel shall attempt to resolve the dispute before seeking the Court's intervention. The party seeking to have the document or materials at issue deemed confidential shall bear the burden of demonstrating its confidential nature to the Court.

**IT IS SO ORDERED.**

Date 2/28/2012

ENTER  *Suzanne B. Conlon*